UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Docket No.:  17-cv-6064
DAVID MATTHEWS,

Plaintiff(s),

COMPLAINT

-against-

CITY OF NEW YORK, POLICE OFFICER   JURY TRIAL DEMANDED
CHRISTOPHER SANCHEZ, TAX REG # 948129, in his
individual and official capacity, POLICE OFFICERS   ECF CASE
JOHN DOES 1 and 2, in their individual and official
capacity and POLICE SERGEANT JOHN DOE in his
individual and official capacity,

Defendant(s).
-------------------------------------------------------------------X

Plaintiff, DAVID MATTHEWS, by and through his attorneys, RENFROE DRISCOLL

& FOSTER, LLP, as and for their Complaint against the Defendants respectfully states and

alleges, upon information and belief, as follows:

PRELIMINARY STATEMENT

1.  This is a civil action for monetary relief, including past economic loss, compensatory

damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983,

1985 and 1986, and grounded in rights secured by the Fourth and Fourteenth Amendments to the

United States Constitution, and the laws of the State of New York.  Plaintiff, while a passenger

in an automobile parked in front of the premises know as 97-20 57th Avenue, Corona, in the

County of Queens, State of New York, was unlawfully arrested by the individually named

defendants.  Additionally, the individually named defendants, assaulted, battered, and used

excessive force against Plaintiff prior to and during the course of the unlawful arrest.  Plaintiff

was deprived of his constitutional and common law rights when the individual defendants

unlawfully confined Plaintiff, caused the unjustifiable arrest of Plaintiff, used excessive force against Plaintiff, and assaulted and battered Plaintiff.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (a) and the aforementioned statutory and constitutional provisions.

3.   Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

4.   That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5.   Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.   During all times relevant to this Complaint, Plaintiff, DAVID MATTHEWS, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

2

7. The Defendant, CITY, OF NEW YORK (hereinafter "CITY") is a duly constituted municipal corporation of the State of New York and is and was the employer of POLICE OFFICER CHRISTOPHER SANCHEZ, TAX REG # 948129 (hereinafter referred to as "SANCHEZ"), certain of the unnamed police officers and other personnel (POLICE OFFICERS JOHN DOES 1 and 2), and POLCE SERGEANT JOHN DOE.

8. Upon information and belief, during all times relevant to this Complaint, Defendant, SANCHEZ, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by Defendant, CITY, under the direction of Defendant, CITY, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

9. That POLICE OFFICER JOHN DOES 1 and 2 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by Defendant, CITY, under direction of Defendant, CITY, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the Defendant, CITY,.

10. That POLICE SERGEANT JOHN DOE was at all times herein mentioned a police officer and/or sergeant, in his individual and official capacity, employed by Defendant, CITY, under direction of Defendant, CITY, and was acting in furtherance of the scope of his employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY.

11. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

12. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

13. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating both the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

## **FACTUAL ALLEGATIONS**

14. On or about July 21, 2016, at approximately 10:15 p.m., Plaintiff, DAVID MATTHEWS, was lawfully sitting in the front passenger seat of a grey SUV vehicle which was parked in front of the premises know as 97-20 57th Avenue, Corona, New York 11368 in Queens County, New York, waiting for a parking space to be vacated.

15. At that time, Plaintiff was approached by four officers of the NYPD – *to wit*, Defendant, SANCHEZ, Defendant Officers, JOHN DOES 1 and 2, and Defendant, POLICE SERGEANT JOHN DOE, who were in an unmarked patrol vehicle.

4

16. At that point, Defendant, SANCHEZ, approached the front passenger side of the vehicle in which Plaintiff was still seated.

17. Defendant, SANCHEZ, then asked Plaintiff to step out of the vehicle and Defendant Officer, JOHN DOE 1, asked the driver for her license and registration. Both Plaintiff and the driver complied peacefully with these requests.

18. Defendant Officer, JOHN DOE 2, then searched Plaintiff's person without finding any incriminating material. Defendant Officer, JOHN DOE 2, then expressed to Defendant, SANCHEZ, that his search of Plaintiff found no incriminating material on Plaintiff's person.

19. Plaintiff gave Defendant, SANCHEZ, permission to search the grey SUV. Defendant, SANCHEZ, did not search the vehicle.

20. At that point, Defendant, SANCHEZ, grabbed Plaintiff and violently threw him on the hood of the grey SUV and began to put handcuffs on Plaintiff. Plaintiff was not resisting his arrest.

21. Defendant, SANCHEZ's actions caused members of the community to gather into a crowd to see what was happening to Plaintiff, who is a respected member of the community.

22. Defendant, SANCHEZ, aggressively wrenched Plaintiff's right arm back beyond its range of motion; thereby, causing injury to Plaintiff's right shoulder.

23. Defendant, SANCHEZ, and one of the Defendant Officer, JOHN DOES, then drove Plaintiff to the ground in a manner that caused Plaintiff to hit the ground head first, causing a laceration to his forehead.

24. Defendants, SANCHEZ and OFFICER JOHN DOE, both landed on top of Plaintiff.

25. Instead of intervening to prevent Defendants, SANCHEZ and JOHN DOE's, assault and battery of Plaintiff and violation of the Plaintiff's civil rights, the other defendant Officer, JOHN

5

DOE, and Defendant, POLICE SERGEANT JOHN DOE, did conspire with Defendants, SANCHEZ and JOHN DOE, to violate Plaintiff's, civil rights by not preventing the use of excessive force in forcing Plaintiff up against the grey SUV and taking Plaintiff down head-first onto the pavement when Plaintiff was clearly not resisting the arrest.

26. The entire incident that took place in the roadway in front of the premises known as 97-50 57th Avenue, Corona, New York 11368, County of Queens, was caught on video.

27. The video shows Plaintiff having his right arm wrenched back and being driven head-first to the pavement.

28. The video does not show any indication that Plaintiff was resisting arrest.

29. Plaintiff was transported to the 110th Precinct for booking and was charged with, *inter alia*, resisting arrest.

30. While at the precinct, Plaintiff observed much dissension among the unidentified officers who were present at the precinct at that time.

31. Plaintiff observed many unidentified officers' fervent disagreement with how the Defendants handled the situation with some of the unidentified officers seemingly wanting to confront Defendant, SANCHEZ, physically because of his use of excessive force and poor judgment throughout the subject incident.

32. Many unidentified officers approached Plaintiff while he was detained at the 110th precinct and apologized for the Defendants' behavior.

33. Plaintiff was asked if he wanted to go to the hospital to receive treatment for his injuries. Plaintiff answered in the affirmative. The asking officer asked Plaintiff "are you sure?" Plaintiff, again, answered affirmatively. Plaintiff was transferred to Elmhurst Hospital in handcuffs and ankle shackles.

34. At this point, Plaintiff had learned that his charges were bumped up to assaulting a police officer.

35. Plaintiff received pain medication for his shoulder pain and had to do 1-2 months of at-home rehabilitation to treat his shoulder injury.

36. Upon information and belief, Officers at the NYPD have been engaging in improper practices and procedures for years, which includes but is not limited to the practice of falsifying documents, omitting information and failing to properly document incidents, particularly incidents involving the use of force.

37. Defendants individually and collectively knew at the time of the Plaintiff arrest, and at all times since then, that the evidence they had in connection with the charges brought against the Plaintiff were false, inconsistent with and insufficient to establish his guilt with respect to the charged crimes.

38. Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, all assisted each other and conspired with each other to commit tortuous acts against Plaintiff and to violate Plaintiff's constitutional rights.

39. Upon information and belief, the defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, conspired to deprive Plaintiff of his constitutional rights; specifically by unlawfully arresting Plaintiff and by using excessive force against Plaintiff.

40. Defendants engaged in misconduct, failed to adhere to procedure, rules and regulations, and wholly failed to investigate the incident.

41. Upon information and belief, prior to July 21, 2016, Defendant, CITY, was aware of and tolerated its police officers unlawfully arresting and using excessive force against persons.

42. Defendant, CITY, permitted and tolerated the above referenced egregious and improper conduct by failing to seriously discipline or prosecute the defendant officers. As a result of such failure on behalf of CITY, Defendant, Police Officers, were caused to and encouraged to believe that individuals could be falsely arrested, prosecuted and imprisoned under circumstances requiring the use of falsified evidence. Defendant Officers were also caused and encouraged to believe that individuals could be subjected to excessive force.

43. Those Defendant Officers who did not touch Plaintiff failed to protect him from the unlawful arrest, depravation of due process, assaults, batteries, and excessive force used against Plaintiff by the individually named defendants.

44. As a result of Defendants' conduct, Plaintiff has been subjected to unlawful detention, due process violations, humiliation, anxiety, fear, emotional harm, physical harm and pecuniary loss.

45. The false arrest, false imprisonment, depravation of due process, assaults, batteries, and excessive force used against Plaintiff by the individually named defendants caused plaintiff to sustain physical, mental anguish, and psychological and emotional trauma.

46. Notices of claim were timely served on the CITY and at least thirty days have elapsed since the service of such notices and adjustment and/or payment has been neglected and/or refused.

## AS AND FOR COURNT ONE

## 42 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMENTS

47. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint with the same force and effect as though fully set forth herein.

48. Plaintiff alleges numerous constitutional violations under Section 1983, which include, but is not limited to: fabrication of evidence, falsification of documents and arrest paperwork, falsification of official records, withholding of evidence, failure to follow proper policies and protocols, failure to intervene, conspiracy as it relates to the above and conspiracy as it relates to the false arrest, false imprisonment, excessive use of force, and abuse of process, all of which support Plaintiff's claims for constitutional violations.

49. Plaintiff alleges that Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, fabricated evidence as it relates to the incident involving Plaintiff on July 21, 2016, which constituted violations of the Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

50. Plaintiff alleges that Defendants, CITY, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE's, failure to follow proper policies and protocols as it relates to the incident involving Plaintiff on July 21, 2016, which constituted violations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

51. Plaintiff alleges that Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, failed to intervene as it relates to the incident involving Plaintiff on July 21, 2016, which constituted violations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

52. Plaintiff alleges that Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, conspired as to the fabrication of evidence, falsification

of documents and arrest paperwork, falsification of official records, failure to follow proper policies and protocols, failure to intervene, false arrest and use of excessive force, as it relates to the incident involving Plaintiff on July 21, 2016, which constituted violations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

53. On or about July 21, 2016, Plaintiff, DAVID MATTHEWS, was falsely arrested, falsely seized and falsely detained, deprived of his freedom, unlawfully imprisoned and subjected to the use of excessive force by Defendants, CITY, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, in violation of his civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by the Defendants were committed under color of law; thus, depriving Plaintiff of rights secured by federal law and the United States Constitution.

54. On or about July 21, 2016, Defendants, CITY, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

55. Upon information and belief such seizure, arrest, and detention was ordered and directed by Defendants, CITY, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE. Defendants SANCHEZ and POLICE OFFICER JOHN DOE 1 and 2, and POLICE SERGEANT JOHN DOE, actively instigated and encouraged the prosecution of the Plaintiff.

56. Plaintiff was aware of his confinement and Plaintiff did not consent to being confined.

10

57. Upon information and belief, each of the Defendants took an active role in creating and manufacturing the charges against Plaintiff, solely for the purposes of effecting an arrest and conviction, and not to effectuate justice.

58. As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, the Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

59. The Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff were false, inconsistent with and insufficient to establish his guilt with respect to any of the crimes charged.

60. In arresting, detaining and interrogating Plaintiff, each of the Defendants knew or should have known that they were violating federal law and the Plaintiff's constitutional rights set forth herein and had failed to prevent the same; and therefore, acted in concert to harm the Plaintiff.

61. The use of excessive force by the individually named defendants, SANCHEZ and POLICE OFFICER JOHN DOE 1, in pushing, tackling, and striking Plaintiff was an objectively unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

62. Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment, and freedom from having excessive force used against him; all rights that are

11

secured to Plaintiff by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983. As a direct and proximate result of the aforesaid acts of the Defendants and each of them, Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and Plaintiff will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants. Plaintiff was forced to incur great expense and special damages to date for defending the false criminal charges, attorney's fees, investigation expenses, and other expenses; which have been a serious burden to Plaintiff.

63. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys' fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COURNT TWO

### 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 63 of this Complaint with the same force and effect as though set forth herein.

65. Prior to July 21, 2016, and since, Defendant, CITY, has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses, arrests and excessive use of force by police officers against persons by police officers. Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint, and such incidents were in fact covered up with official claims that the harassments were justified and proper. As a result, Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and

12

POLICE SERGEANT JOHN DOE, were caused and encouraged to believe that individuals could be falsely arrested, imprisoned and prosecuted, and could be subjected to the use of excessive force under circumstances requiring the use of fabricated and falsified evidence, false testimony, false and intentionally misleading reports, ignoring and misapplying the rules and regulations, and that such behavior would, in fact, be permitted by CITY.

66. In addition to permitting a pattern of practice of improper treatment of persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of unjustified arrests and excessive use of force by its agents/employees.

67. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

68. A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the false arrests, excessive use of force and other wrongful actions by police officers.

69. Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

a.      Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

b.      Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.      Police officers investigating incidents fail to include in their reports relevant

13

factual information that would tend to contradict the statements of the police officer involved;

    d.     Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

    e.     Create and manufactured false testimony and evidence;

    f.     Overlooking false and misleading statements made by Police Personnel.

70. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against arrestees and other persons. These such failure continued and were part of an ongoing culture.

71. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Defendant, CITY, Plaintiff was unjustifiably mistreated, illegally arrested, wrongfully detained and subjected to the use of excessive force, in violation of his civil and constitutional rights.  Plaintiff has suffered and will continue to suffer from humiliation, fear, defamation of character and injury to their reputations, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical damage. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

72. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action and attorneys' fees, pursuant 42 U.S.C. §1988.

## AS AND FOR COUNT THREE

### 42 U.S.C. § 1985 – CONSPIRACY

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 72 of this Complaint with the same force and effect as though set forth herein.

74. DEFENDANT OFFICERS' accusations and allegations of assaulting a police officer and resisting arrest against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff.

75. Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, expressly and impliedly, agreed with each other to bring about Plaintiff's seizure, arrest, detention, false accusations and use of excessive force against Plaintiff, all without lawful or proper basis or justification. All without consideration of Plaintiff's rights and in violation of all of Plaintiff's rights.

76. That the false arrest, false imprisonment, excessive force, and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damage. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

77. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys' fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR

### 42 U.S.C. § 1986 – FAILURE TO INTERVENE

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 77 of this Complaint with the same force and effect as though set forth herein.

79. Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, knew or should have known that the detainment, false arrest, wrongful imprisonment, and use of excessive force against Plaintiff violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

80. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the false arrest, wrongful detainment and use of excessive force against Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur, all without lawful or proper basis or justification.  All without consideration of Plaintiff's rights and in violation of all of Plaintiff's rights.

81. Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE's, failure to stop these wrongful actions constitute a breach of their duty to do so under 42 U.S.C. § 1986.

82. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys' fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FIVE

## STATE LAW FRAUDULENT MISREPRESENTATION

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 82 of this Complaint with the same force and effect as though set forth herein.

84. Defendant, SANCHEZ's, accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to persecute Plaintiff.

85. Defendants, and each of them, expressly and impliedly, acted with each other to bring about Plaintiff's seizure, false arrest, detention and the use of excessive force against Plaintiff, all without lawful or proper basis or justification. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights as stated herein.

86. Defendant, SANCHEZ, was aware that the representations made to the Court and representations made in sworn documents were representations of fact; wherein these defendants stated that on July 21, 2016, Plaintiff, "flailed his arms, twisted his body, pulling his body away from [Defendant, SANCHEZ], and placing his arms under his chest, in an attempt to avoid being handcuffed and placed under arrest" in front of the premises know as 97-50 57th Avenue, Corona, New York 11368 in Queens County, New York.

87. Defendant, SANCHEZ, knew said representations were knowingly and maliciously false, and said representations were made with a reckless disregard to their veracity.  These representations made by Defendants induced the trial court and the Queens County District Attorney to rely upon same, and caused Plaintiff's to be prosecuted in the criminal court.

88. That the false representations, false arrest, false imprisonment, use of excessive force,

and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the New York State Constitution.

89. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT SIX

## STATE LAW FALSE ARREST/FALSE IMPRISONMENT

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 89 of this Complaint with the same force and effect as though set forth herein.

91. The Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, lacked any probable cause to stop, hold and detain the Plaintiff in custody for any period of time, no less the prolonged period of custody at the 110th Police Precinct and at Queens County Central Booking. Without such probable cause, Defendants, SANCHEZ POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, conspired to and wrongfully detained the Plaintiff in a police car, at the 110th Police Precinct and at Queens County Central Booking. During said detention, Plaintiff was physically prevented from leaving the custody of police in that Plaintiff was handcuffed and surrounded by officers at the scene where the incident initiated, and later locked in jail cells at the precinct and at Queens County Central Booking. Plaintiff was held against his will under the supervision and knowledge

of the Police.

92. Plaintiff was aware of his confinement and Plaintiff did not consent to being confined.

93. As a result of said false arrest and false imprisonment, Plaintiff suffered and continues to damage.   All due to the callous indifference of said Defendants in falsely arresting and imprisoning Plaintiff and requiring Plaintiff to face false charges.

94. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, attorneys' fees, and punitive damages.

## AS AND FOR COUNT SEVEN

### STATE LAW NEGLIGENCE

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 94 of this Complaint with the same force and effect as though set forth herein.

96. The defendants, CITY, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, had a duty under 42 U.S.C. § 1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, use of excessive force and false charging, as well as a duty to hire, to train, to investigate, supervise and discipline Defendants and to prevent other wrongful acts that were committed against Plaintiff.

97. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the

slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, false arrest, false imprisonment, use of excessive force, and other due process violations.  Said rights are guaranteed to the Plaintiff by 42 U.S.C. § 1983, by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution and by New York State law.

98. The breach of duty by the Defendants, CITY, SANCEHZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, was a direct and proximate cause of the harm suffered by Plaintiff.   Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in legal costs, personal humiliation, damage to reputation and loss of standing in the community, severe physical damage, as well as severe emotional damage.

99. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT EIGHT

### ASSAULT

100.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 99 of this Complaint with the same force and effect as though set forth herein.

101.      The individually named Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted

Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

102.    The individually named Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, were at all times agents, servants, and employees acting within the scope of their employment by Defendant, CITY, which is, therefore, responsible for their conduct.

103.    Defendants, CITY, as the employer of Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, is responsible for their wrongdoing under the doctrine of respondent superior.

104.    That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT NINE

### BATTERY

105.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 104 of this Complaint with the same force and effect as though set forth herein.

106.    The individually named Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner illegally and unreasonably pushed,

21

tackled and struck Plaintiff without the Plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

107.     The individually named Defendants, SANCHEZ, POLICE OFFICER JOHN DOES 1 and 2, and POLICE SERGEANT JOHN DOE, were at all times agents, servants, and employees acting within the scope of their employment by the CITY, which is, therefore, responsible for their conduct.

108.     The CITY, as the employer of defendants are responsible for their wrongdoing under the doctrine of respondent superior.

109.     That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Ten Million ($10,000,000.00) dollars, including the cost of this action, and punitive damages.

## JURY DEMAND

110.     Plaintiff hereby demand trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, DAVID MATTHEWS, shall recover compensatory damage in the sum of Ten Million Dollars ($10,000,000.00) against the individual defendants and The City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of Ten Million Dollars ($10,000,000.00) against the individual defendants, jointly and severally.

a.  That the Plaintiff recover the cost of the suit herein, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

b.  That the Plaintiff have such other and further relief as the Court shall deem just and

proper.

Dated:  Forest Hills, New York
        October 17, 2017

Respectfully submitted,

**RENFROE DRISCOLL & FOSTER, LLP**

By:  *Patrick K. Foster*
     **Patrick K. Foster, Esq.**
     *Attorneys for Plaintiff*
     118-35 Queens Blvd., Suite 940
     Forest Hills, New York 11375
     Tel. No.: (718) 261-5100
     Fax No.: (718) 304-1168